THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By RONALD LENERT, Senior Deputy (State Bar No. 277434)
    CHRISTINA I. VILASECA, Senior Deputy (State Bar No. 290910)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5805; (619) 531-4896; Fax: (619) 531-6005
E-mail: ronald.lenert@sdcounty.ca.gov
E-mail: christina.vilaseca@sdcounty.ca.gov

Attorneys for Defendants County of San Diego (also erroneously sued as "San Diego Sheriff's Department"), William D. Gore, Drew Beatty, Adrien Carrillo (erroneously sued as "Adrian Carrillo"), Roland Garza, Joseph Kodadek, John Robledo, Scott Rossall, Frank Stalzer and Scott Winter

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., a minor, individually and as successor in interest to decedent, Kristopher Birtcher, by and through her Guardian ad Litem, Ryan Birtcher; MICHAEL BIRTCHER, individually; and CATHERINE BIRTCHER, individually, <br><br>Plaintiffs, <br><br>v. <br><br>COUNTY OF SAN DIEGO; SAN DIEGO SHERIFF'S DEPARTMENT; WILLIAM D. GORE, Sheriff; DREW BEATTY; ADRIAN CARRILLO; ROLAND GARZA; JOSEPH KODADEK; JOHN ROBLEDO; SCOTT ROSSALL; FRANK STALZER; SCOTT WINTER; and DOES 1-10, inclusive, <br><br>Defendants. | No. 18cv1541-MMA-LL <br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINION TESTIMONY BY RONALD O'HALLORAN** <br><br>**(Defendants' *Daubert* Motion No. 4)** <br><br>[F.R.E. 702] <br><br>Date: February 14, 2020 <br>Time: 9:30 a.m. <br>Courtroom 3D of the <br>Honorable Michael M. Anello <br><br>[PURSUANT TO SPECIAL BRIEFING SCHEDULE (Doc. Nos. 39, 42)] |

/ / /

/ / /

/ / /

/ / /

/ / /

## I.  INTRODUCTION

One of Plaintiffs' retained pathology experts, Dr. Ronald O'Halloran, supplemented his Rule 26 expert report to include opinions that are critical of the Sheriff's Department's training of its deputies on the use of maximum restraints, positional asphyxia, and excited delirium.  But as someone who has never worked in law enforcement and otherwise has *no* familiarity with law enforcement training standards (through any education, training, or experience), O'Halloran is not qualified to render these opinions.  Thus, his "expert" opinion testimony that the Sheriff's Department's training is somehow deficient, and/or what training the deputies in this case "should" have received must be excluded.

## II.  ADMISSIBILITY OF EXPERT OPINIONS – APPLICABLE LEGAL STANDARDS

Federal Rule of Evidence ("F.R.E.") 702 governs the admissibility of expert opinion testimony.  It includes the prerequisite that, in order to testify as an expert on a particular subject, the witness must first be qualified to do so by their knowledge, skill, experience, training, and/or education.  *See* F.R.E. 702; *see also Daubert v. Merrell Dow Pharm. Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ("The question of admissibility only arises if it is first established that the individuals whose testimony is being proffered are experts in a particular [] field.").  The district court is squarely tasked with "decid[ing] any preliminary question about whether a witness is [so] qualified."  F.R.E. 104(a); *see also* F.R.E.702 advisory committee's notes to 2000 Amendment ("[T]he admissibility of all expert testimony is governed by the principles of Rule 104(a).").  Indeed, "[t]he admissibility of expert testimony is a subject peculiarly within the sound discretion of the trial judge, who alone must decide the qualifications of the expert on a given subject and the extent to which his opinions may be required."  *Fineberg v. United States*, 393 F.2d 417, 421 (9th Cir. 1968).

Where "foundational facts demonstrating [an expert's] qualification are not sufficiently established, exclusion of proffered expert testimony is justified."  *LuMetta v. U.S. Robotics, Inc.*, 824 F.2d 768,771 (9th Cir. 1987).  It follows that a witness may prove

qualified to provide expert testimony on one particular topic, but not another; in which case, the unqualified opinions should be excluded, and the witness' testimony limited to the qualified area(s) of expertise. *See White v. Ford Motor Co.*, 312 F.3d 998, 1008-09 (9th Cir. 2002), amended on denial of reh'g, 335 F.3d 833 (9th Cir. 2003) ("A layman, which is what an expert witness is when testifying outside his area of expertise, ought not to be anointed with ersatz authority as a court-approved expert witness for what is essentially a lay opinion.").

If a witness is qualified as an expert, F.R.E. 702 sets forth four additional requirements for the testimony to be admitted:

(a) The expert's specialized knowledge must "help the trier of fact to understand the evidence or to determine a fact in issue";

(b) The testimony must be "based on sufficient facts or data";

(c) The testimony must be "the product of reliable principles and methods; and

(d) The expert witness "reliably applied th[ose] principles and methods to the facts of the case."

F.R.E. 702 (a)-(d).

Rule 702 codifies the thresholds of admissibility set forth in the seminal holdings of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (dealing with scientific testimony) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (applying *Daubert* standard to <u>all</u> expert testimony); it therefore affirms trial judges' role as "gatekeepers" charged with assessing and, where appropriate, excluding unhelpful and/or unreliable expert testimony. *See* F.R.E. 702 advisory committee's notes to 2000 Amendment.

"The proponent of expert testimony has the burden of proving by a preponderance of the evidence that the admissibility requirements are met." *In re Canvas Specialty, Inc.*, 261 B.R. 12, 17 (Bankr. C.D. Cal. 2001); *see also Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) (burden of proving admissibility on proponent); F.R.E.702 advisory committee's notes to 2000 Amendment (admissibility must be proven

by preponderance of the evidence).  Thus, to survive a *Daubert* challenge, Plaintiffs must put forth sufficient evidence showing that: 1) their experts are qualified to give their opinions, and 2) that those opinions are both helpful and reliable.  *See In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 984 F.Supp.2d 1021, 1026 (C.D. Cal. 2013) ("The Rule 702 inquiry requires the Court to determine that the witness is qualified by special knowledge as an expert in the relevant area of expertise.  In addition, the Court must scrutinize the proffered expert testimony in order to assure that the expert had sufficient data, used reliable scientific methods, and applied those methods to the data in a reliable way.  Finally, the Court must determine if the proffered expert testimony is helpful to the trier of fact.").

### III.    ARGUMENT:
### O'Halloran is not Qualified to Render Expert Opinions on the Adequacy or Inadequacy of a law Enforcement Training Program

Plaintiffs' have designated Dr. Ronald O'Halloran as their retained expert in the field of forensic pathology.  (*See* NOL, Ex. A at p. 3, ¶ 2.)  O'Halloran was designated to provide expert opinions primarily as to the cause and manner of Kristopher Birtcher's death.[1]  (*Id.*)  Yet, on August 5, 2019, O'Halloran prepared a supplemental expert report setting forth his "new" opinions that criticize the Sheriff's Department's *training* of its deputies as follows:

- The Sheriff's Department's training videos don't "address the issues in the case of Kristopher Birtcher's prolonged restraint and death at the hands of San Diego County deputy sheriffs";
- "Training peace officers on restraint methods that are associated with asphyxia deaths, without warning them about the risk, can and does lead to preventable deaths such as that of Mr. Birtcher"; and

///

---

[1] Dr. Bennet Omalu is another pathologist retained and designated by Plaintiffs to provide expert testimony on these same topics.  (*Id*. at pp. 3-4, ¶ 3.)  The cumulative nature of that testimony is addressed in Defendants' *Daubert* Motion No. 3.

- The Sheriff's Department's training video on excited delirium "does not address the relatively frequent issues of restraint asphyxia present in the Birtcher restraint and asphyxia death."

(NOL, Ex. L [O'Halloran's Supplemental Expert Report] at pp. 3-4.)

But O'Halloran does not have the requisite experience, education or training that would qualify him to testify as an expert in the field of law enforcement training. O'Halloran is not a trained peace office; he has never before provided expert testimony on the issue of law enforcement training; and he admits he is not familiar with California POST training requirements/standards (he's "never looked at those things"). (NOL, Ex. M [O'Halloran Deposition Excerpts] at 119:7-121:16.) Consequently, O'Halloran should be precluded from offering opinions on how Sheriff's deputies "should have" been trained, and/or that link purported training deficiencies to the outcome of this case. *See Gable v. Nat'l Broad. Co.*, 727 F.Supp.2d 815, 833 (C.D. Cal. 2010), aff'd 438 F.App'x 587 (9th Cir. 2011) ("Pursuant to Federal Rule of Evidence 702, a witness may offer an expert opinion only if he or she draws on some special knowledge, skill, experience, training or education to formulate that opinion… [T]o determine whether a proposed expert is qualified, the court must examine whether the witness's qualifying training, experience, or specialized knowledge is sufficiently related to the subject matter upon which the witness offers an opinion.") (internal quotations and citations omitted).

Furthermore, O'Halloran's opinions regarding the Sheriff's Department's training program are unreliable because they are not based on sufficient facts or data. Indeed, O'Halloran admits that his opinions are based on viewing two training videos, and a "summary" of Lieutenant Christopher Cross' deposition testimony[2] that was provided to him by counsel. (NOL, Ex. L at pp. 1-2; NOL, Ex. M at 118:19-119:6.) O'Halloran never actually reviewed Cross' deposition transcript, or any part thereof. (NOL. Ex. M at

///

---

[2] Cross was deposed pursuant to Fed. R. Civ. Proc. 30(b)(6) as the County of San Diego's "person most qualified" with respect to the Sheriff's Department's patrol training program.

118:19-119:6.) Thus, O'Halloran's training opinions should also be excluded on these grounds.

## IV. CONCLUSION

For the reasons discussed above, Dr. Ronald O'Halloran's testimony should be limited to his area of *medical* expertise. He should not be permitted to offer expert testimony that criticizes a law enforcement training program; he is neither qualified to do so, and his opinions lack adequate bases.

DATED: November 19, 2019    THOMAS E. MONTGOMERY, County Counsel

By: s/*Christina I. Vilaseca*, Senior Deputy
Attorneys for Defendants County of San Diego,
William D. Gore, Drew Beatty, Adrien Carrillo,
Roland Garza, Joseph Kodadek, John Robledo,
Scott Rossall, Frank Stalzer, and Scott Winter
E-mail: christina.vilaseca@sdcounty.ca.gov