# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., et al., <br><br>　　　　　　　　　　　　Plaintiffs, <br><br>v. <br><br>COUNTY OF SAN DIEGO, et al., <br><br>　　　　　　　　　　　　Defendants. | Case No. 18cv1541-MMA (LL) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO RETAX COSTS** <br><br>[Doc. No. 100] |

Plaintiffs A.B., a minor, individually and as successor in interest to decedent Kristopher Birtcher, by and through her Guardian ad Litem, Ryan Birtcher, Michael Birtcher, and Catherine Birtcher (collectively "Plaintiffs") brought this action asserting civil rights violations pursuant to 42 U.S.C. § 1983, as well as state law claims for battery, negligence, and violation of California Civil Code section 52.1. *See* Doc. No. 1. The Court ultimately entered judgment in favor of Defendants County of San Diego, San Diego Sheriff's Department, and San Diego Sheriff William D. Gore, as well as Defendant San Diego Sheriff's Deputies Drew Beatty, Adrien Carrillo, Roland Garza, Joseph Kodadek, John Robledo, Scott Rossall, Frank Stalzer, and Scott Winter (collectively "Defendants"). *See* Doc. Nos. 89, 90. Thereafter, Defendants submitted a bill seeking reimbursement for costs totaling $36,306.26. *See* Doc. No. 91. The Clerk of

Court taxed costs in the amount of $24,026.16, over Plaintiffs' objection.  *See* Doc. Nos. 96, 99.

Plaintiffs now move to retax costs pursuant to Federal Rule of Civil Procedure 54(d).  *See* Doc. No. 100.  Plaintiffs seek to reduce the taxable costs significantly and argue that costs should not be taxed against minor plaintiff A.B.  Defendants filed a response in opposition, to which Plaintiffs replied.  *See* Doc. Nos. 101, 102.  For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion.

## DISCUSSION[1]

The Clerk determined Defendants to be the prevailing parties in this litigation pursuant to the Court's October 1, 2020 Order and Judgment (Doc. Nos. 89, 90) and Civil Local Rule 54.1.f.  *See* Doc. No. 99 at 2.[2]  Accordingly, as relevant here, the Clerk taxed Plaintiffs with $4,247.91 in costs for service of document subpoenas and deposition costs in the amount of $18,732.52.  *Id.* at 4-5.

Plaintiffs move to retax costs on several grounds.  First, Plaintiffs argue that Defendants should not be entitled to an award of costs because they are not the prevailing parties in this litigation.  Second, Plaintiffs take issue with the Clerk of Court's calculation of costs.  Plaintiffs argue that the Clerk "taxed against Plaintiffs at least $7,598.30 in deposition costs that Defendants did not necessarily incur." Doc. No. 100-1 at 2.  Plaintiffs further contend that the Clerk erroneously taxed Plaintiffs for costs related to the service by Defendants of certain document subpoenas.  Third, Plaintiffs request the Court decline to award costs against minor plaintiff A.B.  Plaintiffs assert that any such award would be inequitable due to A.B.'s status as an indigent minor.

---

[1] Based on the parties' and the Court's familiarity with the facts of this case, the Court does not set forth a detailed recitation of the facts herein.

[2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

Defendants oppose Plaintiffs' motion in all respects.  Defendants argue that they are the prevailing parties pursuant to the judgment entered by this Court in their favor. Defendants assert that the Clerk properly taxed the deposition and service costs pursuant to statute and this district's Civil Local Rules.  Defendants further contend that Plaintiffs fail to substantiate their claim of indigency on A.B.'s behalf.[3]

### *1. Legal Standard*

Federal Rule of Civil Procedure 54(d) provides the applicable legal standard: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  The rule creates a strong presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs.  *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003); *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000).  In light of this presumption, a trial court "need not give affirmative reasons for awarding costs" to the prevailing party in rendering its decision on a motion to retax.  *Save Our Valley*, 335 F.3d at 945.  And as the Supreme Court has noted, "[b]ecause costs are usually assessed against the losing party, liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

"Section 1920 [of Title 28] enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  Taxable costs include: (1) filing fees and other court fees, (2) fees for transcripts "necessarily obtained for use in the case;" (3) costs of exemplification and copies also "necessarily obtained," (4) certain fees for

---

[3] Defendants urge the Court to "grant the amount requested in Defendants' Memo of Costs (less travel expenses of $1,167.26), or grant the full amount ordered by the Clerk."  Doc. No. 101 at 6.  The Court declines to consider the former request as improperly raised in an opposition brief.  If Defendants wished to challenge the Clerk's taxation of costs, they should have moved or cross-moved for such relief.  *See* CivLR 54.1.h.

printing and witnesses, (5) docket fees, and (6) costs of court-appointed experts or compensation for interpreters. 28 U.S.C. § 1920. The Local Rules of Practice for the United States District Court for the Southern District of California provide for taxation by the Clerk of Court subject to judicial review, and expound upon the nature of allowable statutory taxable costs, *see, e.g.*, CIVLR 54.1.b. District courts in this circuit review a Clerk's taxation of costs de novo. *See, e.g.*, *Lopez v. San Francisco Unified Sch. Dist.*, 385 F.Supp.2d 981, 1001 (N.D. Cal. 2005).

### 2. Analysis

As an initial matter, the Court notes that Defendants invoke Federal Rule of Civil Procedure 68 as legal authority for an award of costs in their favor. *See generally* Doc. No. 91-1; *see also* Doc. No. 101 at 2. Under Rule 68, a defendant may make an offer of judgment to a plaintiff on specified terms. *See* Fed. R. Civ. P. 68(a). Defendants did so in this case. *See* Doc. No. 91-1 at 63-65. If the plaintiff rejects the offer, as Plaintiffs in this action did, and then ultimately obtains a judgment that is "not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. 68(d). However, by its plain terms, "Rule 68 is inapplicable in a case in which the defendant obtains judgment. Where a defendant prevails after making an offer of judgment, the trial judge retains his Rule 54(d) discretion." *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999) (citing *Delta Air Lines, Inc.*, 450 U.S. at 351-52 ("In sum, if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff.")); *see also United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996) ("Under Rule 68, if a plaintiff rejects a defendant's offer of judgment, and *the judgment finally obtained by plaintiff* is not more favorable than the offer, the plaintiff must pay the costs incurred subsequent to the offer.") (emphasis added). Accordingly, Rule 68 does not entitle Defendants to a non-discretionary award of costs in this case because, as detailed below, Defendants *prevailed* after making an unaccepted offer of judgment to Plaintiffs.

Turning to the merits of Plaintiffs' motion, Plaintiffs first argue that Defendants are not prevailing parties. This contention is wholly without merit. As stated above, and as the Clerk correctly determined when taxing costs against Plaintiffs, Defendants are the prevailing parties in this litigation. They successfully obtained judgment in their favor as to Plaintiffs' federal civil rights claims. *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886 (9th Cir. 1977) ("A party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)."); CivLR 54.1.f ("The defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a)."). The Court declined to retain supplemental jurisdiction over Plaintiffs' state law claims and dismissed the entirety of the action; it is of no moment that dismissal of Plaintiff's state law claims was without prejudice to refiling those claims in state court. *See, e.g.*, *Jones v. City of Orange Cove*, No. 1:08CV0775 DLB, 2010 WL 4875681, at *2 (E.D. Cal. Nov. 23, 2010) (noting that "in cases in which courts have granted judgment in favor of defendants on federal claims and declined to exercise jurisdiction over remaining state claims, courts have determined that defendants were the prevailing parties for purposes of Rule 54(d).") (citing *Ogborn v. United Food and Commercial Workers Union*, 305 F.3d 763, 770 (7th Cir. 2002); *Head v. Medford*, 62 F.3d 351, 353 (11th Cir. 1995)).

Plaintiffs next argue that the Clerk erred in taxing the cost of deposition transcripts obtained by Defendants of ten (10) witnesses deposed by Plaintiffs. Plaintiffs assert that these costs were incurred only for the "convenience" of defense counsel and thus are not reimbursable. Plaintiffs suggest that Defendants could have relied upon affidavits of counsel and secondhand narration of the deposition testimony in lieu of the costly transcripts. These contentions are also without merit. As the Clerk correctly determined, the transcripts were not obtained merely for the convenience of counsel; Defendants introduced the transcripts of the deposition testimony into evidence in support of their motions for summary judgment. *See Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (holding that the cost of "obtaining copies of depositions taken

5

18cv1541-MMA (LL)

by the opposing party may be considered necessary in certain instances."). As such, the allowable amount of "copies were necessarily obtained by Defendants to properly defend and support" their motions for summary judgment.[4] *Young v. Actions Semiconductor Co.*, No. 06CV1667-MMA (AJB), 2010 U.S. Dist. LEXIS 164273, at *4 (S.D. Cal. Jan. 26, 2010); CIVLR 54.1.b.3.a ("Depositions need not be introduced in evidence or used at trial to be taxable so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.").

Likewise, the Clerk properly taxed the cost of service of document subpoenas pursuant to Civil Local Rule 54.1.b.1, which provides that the "[c]osts for service of subpoenas are taxable as well as service of summonses and complaints." However, the Court in its discretion declines to award the costs of service "where the subpoena did not result in production of documents." *Flores v. Bakersfield*, No. 1:17-CV-01393 JLT, 2020 WL 433093, at *3 (E.D. Cal. Jan. 28, 2020). Defendants ultimately cancelled service of four document subpoenas and no responsive records were produced by the subpoenaed entities. *See* Doc. No. 98 at 2. Accordingly, the Court reduces Defendants' award of costs by $722.84, the total cost of the four cancelled subpoenas. *See* Doc. No. 91-1 at 96-99; 106.

Finally, Plaintiffs argue that costs should not be taxed against A.B., an indigent minor.[5] Defendants argue that Plaintiffs have not provided the Court with sufficient

---

[4] The Court notes that pursuant to this district's Civil Local Rules "[c]ounsel's copies (whether paper or electronic), *in excess of the original and one copy* are not taxable, regardless of which party took the deposition." CIVLR 54.1.b.3.a (emphasis added). Thus, Plaintiffs are correct when they state that convenience copies for counsel are not taxable to the extent that those copies are in excess of the two allowed by the local rule and not obtained for use in the case. Here, the Clerk properly taxed Plaintiffs for "the cost of an original and one copy of any deposition (including videotaped depositions) necessarily obtained for use in the case." *Id.*

[5] The Court also notes that in this circuit, trial courts ordinarily consider whether "the imposition of . . . costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area." *Stanley v. University of Southern California*, 178 F.3d 1069, 1080 (9th Cir. 1999). Plaintiffs do not raise any such argument, and it is unclear whether a trial court should consider the potential chilling effect of

6

evidence to support a finding of indigency on A.B.'s behalf.  In reply, Plaintiffs note that A.B. is ten years' old and incapable of earing an income.  *See* Doc. No. 102 at 3-4.  Plaintiffs also submit a declaration of counsel indicating that the costs of litigation on A.B.'s behalf have been advanced by counsel.  *See* Doc. No. 102-1 at 2, Fattahi Decl. ¶ 3.

      As noted above, the Court may exercise its discretion and deny costs where, under the circumstances, an award "would be inappropriate or inequitable." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).  "Indigency is a factor that the district court may properly consider in deciding whether to award costs." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).  Courts in this circuit have also considered a plaintiff's status as a minor and concomitant indigency when deciding whether to award costs in favor of a prevailing defendant. *See, e.g.*, *Flores v. Shephard*, No. 04CV2337-IEG (NLS), 2009 WL 587701, at *2 (S.D. Cal. Mar. 5, 2009) (declining to award costs "against the minor Plaintiffs, who have no ability to sue on their own behalf."); *Hayes by & through Hayes v. Cty. of San Diego*, No. 07CV1738 DMS (JMA), 2009 WL 10668673, at *1 (S.D. Cal. July 10, 2009) ("Plaintiff has no documentation by which to prove her indigency, as she is a minor with no financial history.  It is reasonable to presume that a fifteen-year-old is unable to pay a $9,471.54 bill without requiring 'substantial documentation.'").  Here, the Court finds that it would be inequitable to award Defendants costs against minor plaintiff A.B and thus exercises its discretion to decline to do so.

//
//
//
//
//

---

an award of costs sua sponte.  In any event, Plaintiffs bear the burden on a motion to retax and have not met it with respect to this issue.  Accordingly, the Court declines to retax costs on this basis.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to retax costs . The Court **DECLINES** to award taxable costs in Defendants' favor against minor plaintiff A.B. The Court **REDUCES** the award of taxable costs in Defendants' favor against plaintiffs Michael and Catherine Birtcher to **$23,303.32**.

**IT IS SO ORDERED**.

DATE: January 12, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge