

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A.B., a minor, individually and as successor in interest to decedent, Kristopher Birtcher, by and through her Guardian ad Litem, Ryan Birtcher; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTY OF SAN DIEGO; et al., <br><br> Defendants - Appellees. | No. 20-56140 <br><br> D.C. No. 3:18-cv-01541-MMA-LL <br> U.S. District Court for Southern California, San Diego <br><br> **MANDATE** |

The judgment of this Court, entered April 08, 2022, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Howard Hom
Deputy Clerk
Ninth Circuit Rule 27-7

FILED

APR 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A.B., a minor, individually and as successor in interest to decedent, Kristopher Birtcher, by and through her Guardian ad Litem, Ryan Birtcher; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF SAN DIEGO; et al., <br><br> Defendants-Appellees. | No. 20-56140 <br><br> D.C. No. 3:18-cv-01541-MMA-LL <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted October 7, 2021
Pasadena, California

Before: GRABER and CHRISTEN, Circuit Judges, and ZOUHARY,[**] District

Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Plaintiffs appeal the district court order granting summary judgment to defendants County of San Diego, San Diego Sheriff's Department, San Diego Sheriff William D. Gore (collectively, "county defendants"), and eight San Diego Sheriff's Deputies (collectively, "deputy defendants") on the merits of the 42 U.S.C. § 1983 excessive force claim.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.  Because the parties are familiar with the facts of this case, we need not recite them here.

We review de novo a district court order granting summary judgment.  *L.F. ex rel. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020).

1.  To determine whether a defendant is entitled to qualified immunity, we evaluate: (1) whether defendant's conduct violated a constitutional right and (2) whether that right was clearly established at the time of the incident.  *S.B. v. County of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017).  When evaluating a Fourth Amendment excessive force claim, we analyze the familiar *Graham* factors and ask whether a defendant's actions were "objectively reasonable" in light of the facts and circumstances.  *Graham v. Connor*, 490 U.S. 386, 397 (1989).  "The [legal] precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply."  *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018).

Plaintiffs argue that the deputy defendants violated Birtcher's Fourth Amendment right to be free of excessive force because: (1) deputy Roland Garza used his body weight to take down Birtcher as Birtcher first attempted to resist detention; (2) deputy Garza and deputy John Robledo deployed tasers on Birtcher four times; (3) Robledo struck Birtcher with his fist and sap baton multiple times; and (4) deputy defendants used a forceful prone restraint on Birtcher after backup deputies arrived.

The first three actions represent the use of force only after and in response to Birtcher's active resistance to lawful detention. During that part of the encounter, Birtcher appeared to be under the influence; wrestled with Garza and refused to be handcuffed; lunged at Garza despite being shot by a taser in probe mode; fled to the busy Hobby Lobby parking lot; and briefly got hold of Robledo's baton while actively resisting the deputy defendants and bystanders, who were attempting to detain him. Under these circumstances, this use of force was not excessive. *See, e.g.*, *Marquez v. City of Phoenix*, 693 F.3d 1167, 1175 (9th Cir. 2012).

The fourth action, the restraint of Birtcher in prone position, lasted for approximately seven minutes. For the first six and a half of those minutes, Birtcher continued struggling and actively resisted detention. But during the last 30 seconds, Birtcher stopped moving and was not resisting. Even assuming that the

deputy defendants used more force than necessary to hold Birtcher in place during the final 30 seconds, we know of no clearly established law that would have put them on notice that the force they used was excessive.

Plaintiffs rely on *Drummond ex el. Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003). The degree of force employed in *Drummond*, e.g., kneeling on the suspect's neck, *id.* at 1054-55, was much greater than the force the deputy defendants employed here. Further, *Drummond* does not stand for the proposition that, once a suspect stops moving, officers cannot continue holding the suspect in place. The deputy defendants moved Birtcher into recovery position once they recognized that he was not moving, and we are aware of no clearly established authority that would have required them to move Birtcher into that position any faster. Because of those critical differences, Drummond does not "squarely govern[] the specific facts at issue." *See Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (per curiam) (internal quotation marks omitted).

2. As for the claim of denial of medical care, we have held that "a police officer who promptly summons the necessary medical assistance has acted reasonably for purposes of the Fourth Amendment, even if the officer did not administer CPR." *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006).

4

Here, plaintiffs did not raise a material question of fact that the deputy defendants failed to summon medical care for Birtcher promptly. The deputy defendants also administered two Naloxone doses to combat the suspected drug overdose and, like the officers in *Tatum*, monitored Birtcher's breathing while they waited for medical responders. *See id.* at 1098.

3. For Fourteenth Amendment substantive due process claims, official conduct that "shocks the conscience" is cognizable. *Porter v. Osborn*, 546 F.3d 1131, 1136-37 (9th Cir. 2008) (citation omitted). As a threshold matter, courts must determine which of two standards applies. The first standard requires a plaintiff to show that the official acted with "deliberate indifference," i.e., that the officer "disregarded a known or obvious consequence of his action." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 693 (9th Cir. 2019) (citation omitted). The "deliberate indifference" standard applies only if the circumstances are such that "actual deliberation is practical." *Zion v. County of Orange*, 874 F.3d 1072, 1077 (9th Cir. 2017) (citation omitted). The second standard requires a plaintiff to demonstrate that the official acted "with a purpose to harm unrelated to legitimate law enforcement objectives." *Nicholson*, 935 F.3d at 693 (citation omitted).

Plaintiffs argue that the district court erroneously applied the "purpose to harm" standard because the deputy defendants had time to deliberate after Birtcher was handcuffed.

We agree with the district court that the "purpose to harm" standard applies because the situation escalated quickly and Birtcher continued actively to resist detention. The video evidence demonstrates that this was not "a completely controlled situation in which the police committed an obvious and easily detectable mistake" that they had time to correct. *See Porter*, 546 F.3d at 1139-40. Plaintiffs did not raise a material dispute of fact that the deputy defendants' actions were unrelated to law enforcement efforts.

4. To establish liability against a local government for failure to train, a plaintiff must demonstrate that the government "fail[ed] to train employees in a manner that amounts to 'deliberate indifference' to a constitutional right, such that 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). "Deliberate indifference" exists if a plaintiff can show that the municipality disregarded the known or

6

obvious consequence that a particular omission in their training program causes their employees to violate citizens' constitutional rights. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 62 (citation omitted).

Plaintiffs do not cite a pattern of similar constitutional violations, nor do they otherwise raise a genuine dispute that the county defendants were deliberately indifferent to the need for additional training. Plaintiffs point to several individuals who have, for a variety of reasons, died in police custody dating back to 2000, but only two of those incidents are factually close to the constitutional violation alleged here—an officer's use of excessive force on an individual who was prone and subdued.[1] Two incidents are insufficient for a reasonable jury to find that there was a "pattern" of similar constitutional violations. *See Connick*, 563 U.S. at 60-63.

---

[1] One of these incidents was the subject of *K.J.P. v. County of San Diego*, No. 3:15-cv-02692 (S.D. Cal.). Plaintiffs request that we take judicial notice of the March 16, 2022 judgment in favor of the plaintiffs in *K.J.P.*, reasoning that the jury's finding that the County failed to train the officers is a "preclusive finding[] on issues directly relevant to [plaintiffs'] § 1983 failure to train claim against the County of San Diego." Dkt. No. 53 at 1. We disagree and deny the motion. The jury's finding in *K.J.P.*, an unrelated case, does not satisfy the standard in Fed. R. Evid. 201(b).

**AFFIRMED.**